IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00412-M-RN

**Sarah Ford**,

               Plaintiff,

v.

**The United States Government,**

               Defendant.

**Order &
Memorandum & Recommendation**

     Sarah Ford has sued the United States for various alleged wrongful acts. *See* Proposed Compl. at 2, D.E. 1. She also asks to proceed without paying the filing fee associated with bringing a civil lawsuit. *See* IFP Mot., D.E. 5. The court will not require her to pay the filing fee because she lacks the resources to do so. But the undersigned recommends that the court dismiss Ford's proposed complaint.

**I.    Background**

     This case marks Ford's fourth attempt to sue the federal government for alleged torts and constitutional violations. According to Ford, these wrongs involve "an illegal pattern of misconduct" regarding her person and property. Her last three lawsuits were dismissed for failure to state a claim and lack of subject-matter jurisdiction. *See Ford* v. *United States,* No. 5:23-CV-00238-M (E.D.N.C. Sept. 14, 2023); *Ford* v. *United States*, No. 5:22-CV-00156-M (E.D.N.C. Dec. 20, 2022); *Ford Family* v. *United States Dep't of Def.*, No. 5:21-CV-00357-M (E.D.N.C. Dec. 21, 2021), *aff'd*, No. 22–1571 (4th Cir. Feb. 23, 2023).

     Ford now seeks to sue the United States again. Her complaint alleges various acts of misconduct including assault, intimidation, wrongful search and seizure, sexual acts, privacy

violations, and "disbursement of mind, mood and other body altering substances" without consent. Compl. at 1. The complaint also references hospital records, daily reports, and possible witness lists that are not on this case's docket. *See,* Proposed Compl. at 1–2.

Construing her complaint liberally, the undersigned finds that Ford is attempting to bring claims under two causes of action. First, since she seeks redress for alleged constitutional violations by the federal government, the court will assume she is pursuing a claim under *Bivens* v. *Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Second, her allegations of illegal search and seizure, trespass, battery, assault, sexual abuse, private nuisance, and invasion of privacy point to an attempt to bring a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671.

**II.     IFP Motion**

Ford asks the court to allow her to proceed against Defendants without paying the required filing fee or other costs normally associated with a civil lawsuit (otherwise known as proceeding "in forma pauperis" or "IFP"). The court may grant her request if she submits an affidavit describing her assets and the court finds that she cannot pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

The court has reviewed Ford's application and finds that she lacks the resources to pay the costs associated with this litigation. The court thus grants Ford's motion (D.E. 5) and allows her to proceed IFP.

### III.     Screening Under 28 U.S.C. § 1915

Along with determining whether Ford is entitled to IFP status, the court must also analyze the viability of the claims contained in her complaint. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate claims that unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

The court may dismiss a complaint as frivolous because of either legal or factual shortcomings. *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" *Adams* v. *Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton* v. *Hernandez*, 504 U.S. 25, 32–33 (1992).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Ford's pro se status relaxes, but does not eliminate, the requirement that her complaint contain facially plausible claims. The court must liberally construe a pro se plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

3

The court may also dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including—but not limited to—immunity under the Eleventh Amendment, *see Bd. of Trs. of Univ. of Ala.* v. *Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson* v. *Ray*, 386 U.S. 547 (1967).

None of Ford's claims survive screening. She fails to state a claim under *Bivens.* And because Ford has not exhausted her administrative remedies, she cannot recover under the FTCA.

### A. *Bivens*

Ford first alleges that the United States, presumably acting through unnamed agents, violated her constitutional rights by committing various types of assault against her, conducting unlawful searches and seizures of her person and property, and violating her privacy. A party seeking monetary relief for constitutional violations by federal actors must pursue it under the Supreme Court's decision in *Bivens*. In that case, the Supreme Court recognized an implied right of action against federal officials for a violation of the Fourth Amendment. *Bivens*, 403 U.S. at 397. But plaintiffs may not sue federal agencies or the United States itself under *Bivens*. *See FDIC* v. *Meyer*, 510 U.S. 471, 486 (1994) (holding that *Bivens* does not apply to federal agencies); *Randall* v. *United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal officials individually, not the federal government.") (citation omitted). This is because *Bivens* did not abrogate the United States' sovereign immunity. *Randall*, 95 F.3d at 245.

Ford has not attempted to sue the individual governmental actors who she alleges violated her rights. Instead, she filed suit against the United States. But since the United States is not amenable to suit under *Bivens*, the court should dismiss her constitutional claims against it.

4

### B. Federal Tort Claims Act

The FTCA represents a limited congressional waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act of a government employee acting within the scope of his or her employment. *Medina* v. *United States*, 259 F.3d 220, 223 (4th Cir. 2001). It permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred. 28 U.S.C § 1346(b).

But Ford may not sue federal agencies under the FTCA. *See Holmes* v. *Eddy*, 341 F.2d 477 (4th Cir. 1965). And nothing in her proposed complaint suggests she exhausted her administrative remedies before suing—a prerequisite to recovering under the Act. *See* 28 U.S.C. § 2675(a). So the court should dismiss Ford's FTCA claims.

## IV. Motions for Additional Time and for Discovery

Ford also asks the court for additional time to correct deficiencies in her original submission. D.E. 8. And she moves for an order compelling the Defendant to produce discovery. D.E. 9. The court will deny these motions.

First, for the most part, the motion for additional time appears moot. After the court directed Ford to correct certain shortcomings, *see* Order, D.E. 2, she submitted a notice of self-representation, an application to proceed in forma pauperis, and proposed summonses for the Defendant. *See* Notice, D.E. 4; Motion, D.E. 5; Prop. Summons, D.E. 6. But Ford has not filed a Financial Disclosure Statement, as ordered. Yet the lack of that submission does not affect the present findings and recommendation. So the court denies her motion for an extension of time (D.E. 8) as moot.

Ford's request for discovery also lacks merit. She cites criminal rules and case law that do not apply in a civil action. Motion at 2–4, D.E. 9. Her citation to the United States Attorney's

Manual about prosecuting cases is similarly unpersuasive. *Id.* at 5. And the motion references other cases, injuries, and harm, but fails to specify what information Ford seeks. What's more, since she has failed to state a claim for relief, she is not entitled to discovery. Thus the court denies the motion for discovery (D.E. 9).

V.  **Conclusion**

For the reasons discussed above, the court grants Ford's motion to proceed IFP (D.E. 5). It denies the motions for an extension of time (D.E. 8) and the motion for discovery (D.E. 9). But the undersigned recommends that the court dismiss her complaint (D.E. 1).

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: September 9, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge